**2011 UT 1**

**GENERAL CONSTRUCTION & DEVELOPMENT, INC., et al., Plaintiffs and Appellees,**

**v.**

**PETERSON PLUMBING SUPPLY, Defendant and Appellant.**

No. 20080998.

Supreme Court of Utah.

Jan. 7, 2011.

Paul D. Dodd, Randall K. Spencer, Provo, for plaintiffs.

Dana T. Farmer, Garrett A. Walker, Ogden, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 This interlocutory appeal involves a dispute over the timeliness of multiple mechanics' liens filed more than 180 days after final completion of the original contracts, but within 90 days of the filing of notices of completion. We hold that under a plain reading of Utah Code section 38–1–7(1)(a)(i) (2008), all the liens were timely because they were filed within 90 days after the notices of completion. We therefore reverse and remand.

## BACKGROUND

¶ 2 Appellee General Construction & Development, Inc. (GCD) developed and built Rockwell Condominiums in Pleasant Grove City, Utah. GCD also owns several of the condominium units at issue in this case. The

other Appellees are also owners of condominium units.

¶ 3 GCD contracted with Pace Plumbing to do work on multiple buildings in the development. Pace subcontracted with Appellant Peterson Plumbing Supply (PPS) to provide materials to Pace. Pace failed to pay PPS for the materials provided. PPS filed mechanics' lien notices on each of the condominium units at issue. All these liens were recorded more than 180 days after certificates of occupancy were issued for the units.[1] However, the liens were recorded within 90 days of GCD's filing of a notice of completion on each of the relevant properties.[2]

¶ 4 Appellees filed a petition to nullify PPS's liens. The district court granted the petition, and the matter is before this court on interlocutory appeal. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (Supp.2010).

**STANDARD OF REVIEW**

¶ 5 "The interpretation of a statute is a question of law that we review for correctness without any deference to the legal conclusions of the district court." *Jaques v. Midway Auto Plaza, Inc.*, 2010 UT 54, ¶ 11, 240 P.3d 769.

**ANALYSIS**

¶ 6 Appellees have challenged PPS's liens on two grounds. First, they claim the liens are untimely under Utah Code section 38–1–7(1)(a)(i) (2008).[3] Second, they claim the liens are wrongful under the Wrongful Lien Act, *see* Utah Code Ann. §§ 38–9–1 to –7

(2008), because they were untimely filed. We disagree. A plain reading of Utah Code section 38–1–7(1)(a)(i) shows that the liens were timely filed. Because Appellees' wrongfulness argument is premised on untimeliness, that argument is moot.[4]

**I.   UNDER A PLAIN READING OF UTAH CODE SECTION 38–1–7(1)(a)(i), THE LIENS WERE TIMELY, BECAUSE THEY WERE FILED WITHIN 90 DAYS AFTER THE FILING OF A NOTICE OF COMPLETION**

¶ 7 The parties agree that the timeliness issue is governed by Utah Code section 38–1–7. There is no dispute regarding PPS's right to file timely liens under that section. The relevant portion of that statute states that "a written notice to hold and claim a lien" must be filed "within: (A) 180 days after the day on which occurs final completion of the original contract if no notice of completion is filed … or (B) 90 days after the day on which a notice of completion is filed." Utah Code Ann. § 38–1–7(1)(a)(i).[5] The parties agree that all liens were filed beyond the 180–day limit outlined in subsection (A). However, they dispute whether the 180 days is meant to be an upper, ultimate limit. Appellees argue it is an upper limit and that subsection (B) can only shorten the 180–day time limit; PPS argues the subsections are independent, and subsection (B) can extend the 180–day deadline.

¶ 8 "In interpreting a statute, we look to its plain language. We read statutory provisions literally, unless such a reading would result in an unreasonable or inopera-

---

1. All liens were filed less than four months after the expiration of the 180–day deadline. *See* Utah Code Ann. § 38–1–7(1)(a)(i)(A).

2. It appears that some liens were filed before and others after the filing of notices of completion. We find this difference immaterial in our analysis of the statute so long as all were filed within 90 days after the notices of completion. *See id.* § 38–1–7(1)(a)(i)(B); *infra* ¶ 7.

3. The statute has since been amended in a substantive manner. Because the liens at issue were all filed in 2008, we refer to the 2008 version of this statute (and other relevant statutes) through-

out this opinion unless specifically noted otherwise.

4. We note that even if there were untimely liens here, those liens would not be wrongful under the Wrongful Lien Act. As we explained in *Hutter v. Dig–It, Inc.*, "the legislature intended that the definition of 'wrongful lien' should encompass only common law liens." 2009 UT 69, ¶ 52, 219 P.3d 918.

5. The amended statute (which is not at issue in this case) now states that even where a lien is filed within 90 days of a notice of completion it must be no "later than the time frame established in Subsection (1)(a)(i)(A)." Utah Code Ann. § 38–1–7(1)(a)(i)(B) (Supp.2010).

ble result." *State v. Jeffs*, 2010 UT 49, ¶ 31, 243 P.3d 1250 (internal quotation marks omitted). Only if there is ambiguity or absurdity will we depart from the plain language to explore other sources of legislative intent. *See State v. Jeffries*, 2009 UT 57, ¶ 8, 217 P.3d 265 ("Our duty to give effect to the plain meaning of a statute, however, should give way if doing so would work a result so absurd that the legislature could not have intended it."); *R & R Indus. Park, L.L.C. v. Utah Prop. & Cas. Ins. Guar. Ass'n*, 2008 UT 80, ¶ 23, 199 P.3d 917 ("If the plain language is unambiguous then we need not look beyond it, and no other interpretive tools are needed in analyzing the statute." (citation omitted)).

¶ 9 Here the plain language is unambiguous and supports PPS's interpretation. The statute states that the 180–day limit applies "if no notice of completion is filed." Utah Code Ann. § 38–1–7(1)(a)(i)(A). Where a notice of completion is filed, the statute allows for a lien recorded "within . . . 90 days after" the notice of completion filing. *Id.* § 38–1–7(1)(a)(i)(B).

¶ 10 Despite the unambiguous language in this statute, Appellees would have us turn to other sources of legislative intent, including a subsequent amendment. They argue we can do so because PPS's interpretation is absurd and would permit a mechanics' lien notice to be filed years or decades after the completion of the final contract, thus resurrecting the right to file a mechanics' lien notice for an additional 90 days. They also point to the fact that multiple parties are entitled to file a notice of completion, increasing the possibility of late filings. *See id.* § 38–1–33(1)(a) (2008).

¶ 11 PPS properly counters that under the statute's plain language mechanics' lien claims would still be extinguished by the operation of the applicable statute of limitations on the underlying breach of contract claim. *See id.* § 70A–2–725(1) (2008) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."). Furthermore, there may be factual scenarios where equitable defenses, such as laches, would be available in addition to the applicable statute

of limitations, thus addressing situations involving unreasonable delay. We are not persuaded that the plain meaning of the statute leads to absurd results, and we will not investigate legislative history for alternate meanings. *See Jeffries*, 2009 UT 57, ¶ 8, 217 P.3d 265 ("In defining the parameters of what constitutes an absurd result . . . [we should] avoid[ ] an improper usurpation of legislative power through judicial second guessing of the wisdom of a legislative act." (internal quotation marks omitted)).

¶ 12 In the case before us, all liens were filed less than four months after the expiration of the 180–day deadline. PPS (as a subcontractor on the condominium-building project) was not entitled to file a notice of completion—so it could not have purposefully extended its own time to file the liens. *See* Utah Code Ann. § 38–1–33(1)(a). PPS's time to file liens was extended beyond the 180 days only because of the belated filing of the notices of completion by GCD, one of the Appellees. Under a plain reading of the statute, the liens are timely because they were filed within 90 days after the relevant notices of completion.

## II. REQUESTS FOR ATTORNEY FEES ARE PREMATURE

¶ 13 This matter has come to us on interlocutory appeal. "Under Utah Rule of Civil Procedure 54(d)(1), an award of costs is to be given to the 'prevailing party' and is to 'abide the final determination of the cause.'" *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 39, 140 P.3d 1210. We have interpreted this rule to require a final judgment before attorney fees are awarded, unless otherwise provided by statute. *See id.* Here, none of the potentially applicable statutes cited by the parties requires attorney fees before final judgment. We instruct the district court to evaluate claims regarding expenses incurred in this interlocutory appeal (and applicable statutes) when the case is finally resolved.

## CONCLUSION

¶ 14 Under the 2008 version of Utah Code section 38–1–7(1)(a)(i), the 180–day deadline for filing mechanics' liens could be extended

when a notice of completion was filed. Thus PPS's liens in this case were timely. Therefore, we reverse and remand.

¶ 15 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Justice LEE concur in Chief Justice DURHAM's opinion.